*W. F. Pidgeon*, for appellant.

*W. E. Niblack* and *W. H. De Wolf*, for appellee.

---

## McBroom v. The Corporation of Lebanon.

CORPORATION.—*Promissory Note.—Party Plaintiff.*—A note made payable to the treasurer of what purports to be a corporation, without giving the name of the treasurer, is, in effect, payable to the corporation, and shows that the corporation is the party in interest; and a suit on the note is properly brought in the name of the corporation.

SAME.—*Estoppel.*—It is well settled in this State, that where one contracts with what purports to be a corporation, he is estopped from denying the existence of the corporation at the date of the contract.

SAME.—*Judicial Notice.*—This court does not judicially know that there is not, or cannot be, a corporation by the name of the "Corporation of Lebanon," under the laws of this State.

APPEAL from the Boone Common Pleas.

The appellant was sued before a justice of the peace, on a promissory note, as follows:

"$50.00.                                    March 11th, 1867.

Thirty days after date I promise to pay to treasurer of Lebanon corporation, or order, fifty dollars, value received, without any relief whatever from valuation or appraisement laws.                                    MARTIN McBROOM."

The note was filed as the only cause of action. The case was docketed and prosecuted in the name of the "Corporation of Lebanon." The appellant appeared and filled an answer of four paragraphs, consisting of a general denial and three special paragraphs in bar of the action. Replies were filed to the latter, and the issues thus formed were tried by a jury. The trial resulted in a verdict and judgment for the plaintiff. The appellant appealed to the court of common pleas, and there moved to dismiss the case for want of a sufficient cause of action, and also for want of proper parties, both plaintiff and defendant. This motion the court overruled, and the appellant excepted. On the trial of the cause before the court, a jury being waived, the note was offered in evidence, and the appellant objected for substantially the same reasons as those assigned in the motion to dismiss. The objections were overruled, and the note was received in evidence. Finding and judgment for the plaintiff below. A motion for a new trial was made and overruled.

To these several rulings exceptions were taken.

The action of the court in overruling the motion to dismiss, and in receiving the note in evidence, presents the only questions in this court.

ELLIOTT, C. J.—The code provides that every action must be prosecuted in the name of the real party in interest. 2 G. & H. 34, sec. 3. The note sued on, being made payable to the treasurer of what purports to be a corporation, without giving the name of the treasurer, is, in effect, payable to the corporation, and shows it to be the party in interest.

It is well settled in this State, that where one contracts

with what purports to be a corporation, he is estopped from denying the existence of the corporation at the date of the contract. We do not judicially know that there is not, or cannot be, a corporation by the name of the "Corporation of Lebanon," under the laws of this State. We have various statutes under which a corporation might be legally organized in such a name.

We see no error in the rulings of the court complained of, and the judgment must therefore be affirmed.

The judgment is affirmed, with costs and ten per cent. damages.

*C. C. Nave,* for appellant.

*A. J. Boone* and *R. W. Harrison,* for appellee.