## FIRST NAT. BANK OF STRATFORD v. WALKER.

No. 3230.   Opinion Filed November 11, 1913.

(136 Pac. 408.)

1. **CORPORATIONS—Property of Corporation—Note—Indorsement.** A note naming the payee as follows, "I promise to pay to the order of directors of F. U. Gin & Mill Co. of Stratford, I. T.," the same being a corporation, is in law made payable to the corporation, and the title to same may be passed by an indorsement thereon of the name of the corporation, by the secretary and treasurer thereof, in obedience to a resolution of its board of directors.

2. **EVIDENCE—Admissibility—Preliminary Showing.** In an action on a note by a transferee thereof, defendant cannot introduce evidence as to fraud and failure of consideration until he first substantiates his allegation challenging plaintiff's claim of a bona fide purchase for value before maturity.

(Syllabus by Brewer, C.)

*Error from County Court, Pontotoc County;*
*Conway O. Barton, Judge.*

Action by the First National Bank of Stratford against R. L. Walker. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*W. C. Edwards* and *Crawford & Bolen,* for plaintiff in error.

*Stone & Maxey,* for defendant in error.

Opinion by BREWER, C.   The plaintiff bank sued defendant on a promissory note for $90 in a justice of the peace court and obtained judgment.   On appeal to the county court the court refused to admit the note in evidence, and gave judgment for defendant on a demurrer to plaintiff's evidence.   These rulings of the court present the errors complained of.

The evidence shows that the defendant was one of the original incorporators of a co-operative gin company, and executed the note in part payment for his subscription to the capital stock of the corporation; that the note was dated June 15, 1907, and payable December 31, 1907; that on August 6, 1907, the corporation borrowed from plaintiff $2,000 by order of the directors, and received the money and used it for corporate purposes, with the knowledge and assent of all the directors; that to secure the obligation to the bank the note in suit, together with other notes, was on the date of the loan transferred and delivered by the board of directors to the bank.   It is not claimed that either the original loan or the note in suit has been paid.   The defendant, after having denied that plaintiff was an innocent purchaser for value before maturity, then set up the defenses of fraud and deceit and failure of consideration.   The note was ruled out when offered as evidence, upon the following objection from defendant:

"We object to the offering of the note in evidence for the reason that the note has not been properly indorsed, etc."

This objection was based on the fact that the note recited:

"I promise to pay to the order of directors of F. U. Gin & Mill Company of Stratford, I. T., etc."

And the transfer to plaintiff when it was delivered as collateral was by signing the name of the corporation by G. W. Merrill, secretary and treasurer.

The question then is: Does the language used in the above note make the unnamed directors the payee, or does it make the corporation named payee?   If the corporation is the payee, then the transfer by the secretary and treasurer, in the name of the

corporation, was certainly proper and passed the title of the corporation. In *McBroom v. Corporation of Lebanon,* 31 Ind. 268, it is said:

"A note made payable to the treasurer of what purports to be a corporation, without giving the name of the treasurer, is, in effect, payable to the corporation, and shows that the corporation is the party in interest; and a suit on the note is properly brought in the name of the corporation."

In *Nave et al. v. Hadley,* 74 Ind. 157, the court say:

"It is well settled that a note payable to the cashier of a bank is to be deemed payable to the bank, and that the bank may sue thereon as payee. * * * *Baldwin v. Bank, etc.,* 1 Wall. 234 [17 L. Ed. 534]; *Garton v. Union Bank,* 34 Mich. 279; *First National Bank, etc., v. Hall,* 44 N. Y. 395 [4 Am. Rep. 698]; *Pratt v. Topeka Bank,* 12 Kan. 570; *Fisher v. Ellis,* 3 Pick. [Mass.] 322. This is the doctrine of the case of *Bank, etc., v. Wheeler,* 21 Ind. 90."

In *Esley v. People of Illinois,* 23 Kan. 510, where a note was payable to "the order of the people of the state of Illinois," and the parties to the suit had proceeded on the theory that the payee was in fact "the state of Illinois," the Supreme Court sustained the judgment. In the case of *Darby v. Berney Nat. Bank,* 97 Ala. 643, 11 South. 881, the note in suit was payable on its face to "J. B. Cobbs, Cashier," and the court in discussing the right of the bank to maintain the suit as payee says:

"There was no indorsement of the paper by Cobbs; and the point is taken by demurrer that the complaint shows the legal title to the note to be in Cobbs, and hence that plaintiff was without right to maintain this action. The authorities are opposed to this position, and the law may be said to be well settled that in a case like this the legal title is in the bank, and it may sue in its own name, averring either that the promise was made to its agent for it, or that the agent's name was used by adoption for that of the principal. The demurrer was properly overruled" —citing authorities.

See, also, Daniel's Neg. Paper, vol. 1, sec. 101; Teideman on Com. Paper, sec. 17, and cases cited; *E. L. P. Co. v. Farmers' Nat. Bank,* 130 Ind. 367, 30 N. E. 411, 30 Am. St. Rep. 246; *Nave v. First Nat. Bank,* 87 Ind. 204; *Vater v. Lewis,* 36 Ind. 288, 10 Am. Rep. 29.

We believe that, as a matter of law, the note in this case shows the corporation which negotiated it to have been the real payee and owner, and that it therefore had the legal title and could transfer the same by an indorsement in the name of the corporation. Besides, in this case, if it needed or the case admitted of evidence as to the intentions of the parties, it is abundantly shown that it was in fact the property of the corporation. The court therefore erred in refusing to admit the note in evidence; but for this error the plaintiff would have furnished evidence showing a right to recover, which the defendant would then have had the right to overcome if he could by his evidence.

As this case must be returned for a new trial, we think it proper to observe that, before defendant is entitled to introduce evidence as to the fraud and failure of consideration alleged, he must first substantiate his allegation challenging plaintiff's claim of innocent purchaser for value before maturity. While the defenses urged would be good as between the maker and payee, they are not good as against an innocent purchaser for value in good faith before maturity.

The cause should be reversed and remanded for a new trial.

By the Court: It is so ordered.