## BESSE v. MORGAN.

No. 10316—Opinion Filed Nov. 22, 1921.

Rehearing Denied Jan. 10, 1922.

(Syllabus.)

1. **Bills and Notes—Actions—Burden of Proof.**

When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Revised Laws 1910.

2. **Same—Holder in Due Course.**

The purchaser of a negotiable instrument, in order to be a holder in due course, must come within the requirements of section 4102. Revised Laws 1910, defining such holder.

3. **Same—Trial—Directing Verdict.**

Even though the defendant offers no evidence on rebuttal to disclose that the plaintiff was not a bona fide holder of the note in due course, but where defendant has denied said fact, and the evidence introduced on the part of the plaintiff to prove such fact is of such nature that men of ordinary intelligence might draw different conclusions therefrom. it is not error for the court to refuse to instruct a verdict for the plaintiff.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Action by A. Besse against Barclay Morgan on promissory notes. Judgment for defendant, and plaintiff brings error. Affirmed.

Arthur Fuller and Scothorn, Boardman & Withington, for plaintiff in error.

Morgan, Pinkston & Hepburn, for defendant in error.

McNEILL, J. The plaintiff commenced this action in the superior court of Okmulgee county to recover upon two promissory notes in the sum of $250 each, both dated January 8, 1912, and due January 1, 1913, executed by the defendant to the Henryetta Brick & Tile Company and indorsed to the plaintiff before maturity for valuable consideration.

The defendant answered and admitted the execution of the note, but denied that the same was ever delivered to the Henryetta Brick & Tile Company, and denied that there was any consideration for said note, and denied that said notes were ever sold before maturity or in due course of business.

As a further defense he alleged that one Neal Allen and others proposed to the Commercial Club of Henryetta to form a corporation under the style of Henryetta Brick & Tile Company, and agreed to erect a brick and tile plant at Henryetta for a bonus of $4,500, which bonus was to be subscribed by the citizens of Henryetta and the subscribers were to give two notes each for one-half of his subscription, both payable January 1, 1913, and to be held in trust by a bank, one note to be delivered when the Brick & Tile Company had the machinery for the plant on the sidetrack at Henryetta and the other to be delivered when the plant was completed. The subscribers were to receive brick at $4.50 per thousand for the amount of their subscription. It was alleged that said brick and tile

factory was never erected and no brick was ever manufactured and the machinery was never delivered on the sidetrack at Henryetta; that the said Allen and associates obtained possession of said notes and in a manner unknown to said defendant, and had never complied with the contract, and if the plaintiff purchased said notes, he did so with full knowledge of all the facts. With the issues thus framed, the case was submitted to the jury and a verdict returned in favor of the defendant. From said judgment, the plaintiff has appealed.

For reversal, it is contended, first, that the court erred in overruling the demurrer to the testimony offered on behalf of the defendant.

It will be necessary to consider, first, whether the evidence of the defendant was sufficient to submit to the jury the questions of fact, to wit: Whether the consideration of the notes had failed; and whether Allen and associates had complied with the agreement and were rightfully in possession of said notes. Defendant introduced in evidence the subscription contract signed by the defendant and numerous other parties regarding the execution and delivery of said notes. The contract provided, first, in consideration of the erecting of a brick plant at Henryetta on or before the 1st of May, 1912, the parties agreed with Allen and associates that they would deliver to some bank in the city of Henryetta promissory notes payable to Allen and associates due January 1, 1913, for the sums set opposite their respective names, said notes to be held by the bank; said notes to pay for brick at $4.50 per thousand at plant. It is admitted that no plant was ever erected, and that no brick was delivered at the plant for the use and benefit of the signers of the note; therefore, the consideration of the note failed. There was some evidence that Allen had not complied with the contract that entitled him to possession of the notes, and it was not error to overrule a demurrer to the defendant's evidence.

It is next contended that the evidence conclusively shows that the plaintiff was a purchaser for value and before maturity without notice, and it was error for the court to refuse to instruct the jury to return a verdict in favor of plaintiff.

Section 4109, Rev. Laws 1910, provides as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course. But the last mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title." Lambert v. Smith, 53 Okla. 606, 157 Pac. 909.

By application of this rule the burden was upon the plaintiff to prove that he was the holder in due course. Section 4102, Rev. Laws 1910, defines who are holders in due course.

The general rule is that where the consideration for a negotiable promissory note is an executory contract, knowledge of a transaction by a purchaser of said note in due course before maturity for value will not prevent a recovery by him in case of subsequent breach of the agreement by reason of failure and inability to carry out the contract. Producers Nat. Bank v. Elrod, 68 Oklahoma, 173 Pac. 659. In the instant case there is not only a plea of failure of consideration, but an additional plea that the payee was never in rightful possession of the note. The contract provided that Allen and associates would dismantle and ship the brick plant located at Arcadia or Girard, Kansas, which had been examined by a committee, to Henryetta, or a duplicate of said plant in first-class condition, and when the machinery was on the sidetrack at Henryetta the bank where the notes were held should deliver to Allen and associates notes in one-half the amount of the subscription opposite each man's name, and, Allen and associates were to execute a mortgage on the plant. In the instant case the bank delivered both notes of the defendant. One note was delivered in direct violation of this contract and agreement. Defendant contends the other note was delivered in direct violation of this agreement, for the reason that Allen and associates did not ship a complete brick plant, but only shipped a portion of a brick plant and executed a mortgage upon the same; it being contended that the bank had no authority to deliver said notes to Allen and associates until a complete plant was delivered on the sidetracks at Henryetta. There was sufficient evidence introduced by which it might be reasonably inferred that the plant shipped was not complete, but was only a partial plant.

The question, then, for consideration is, Was the plaintiff the holder in due course? The burden was upon the plaintiff to prove this fact. The plaintiff contends the evidence of the plaintiff is undisputed on this question, therefore the court should have

directed a verdict for plaintiff. The plaintiff's evidence regarding the purchase of the notes is, in substance: That he purchased the notes in question along with other notes from Allen, all of which were acquired in this same transaction, amounting to $2,060, for the sum of $1,082, and a piano valued at $300, plaintiff being a piano dealer and living at Pittsburg, Kan., where Allen and associates were living, or at least living in that vicinity. That on or about the 4th or 5th of January, which would be prior to the time the notes were executed, he talked about the purchase of notes that Allen was to receive, and on the 8th or 9th of January he agreed to purchase the notes, although the notes at that time were not in Allen's possession. Plaintiff testified that after agreeing to purchase said notes, he left a draft with his banker, and when Allen could deliver the notes, he was to pay for the same. He gave a check to Allen for the same about the 12th of March, 1918. His dealings were with Allen and he knew that Allen was going to build a brick plant at Henryetta, and part of the notes were to be delivered when the machinery arrived at Henryetta, and the rest of the notes were to be delivered when the plant was completed. He knew that the Henryetta Brick & Tile Company did not pay cash for those notes when they got them. When asked regarding the consideration of the notes, and what he understood the consideration was, he stated, in substance, that as soon as Allen delivered the machinery that Allen was buying with the money that he was furnishing, the notes were to be delivered to Allen, and then delivered to him. He further answered the following question: "You knew that these notes were given by the citizens of Henryetta conditioned that these parties would bring down the machinery and install a brick plant?" He answered, "Yes, sir." He also stated that he knew that Allen and his associates were not responsible financially for the amount of the notes.

While this court, in the case of Southwest Nat. Bank of Commerce of Kansas City v. Todd, 79 Okla. 263, 192 Pac. 1096, stated as follows:

"Suspicion of defect of title, or the knowledge of circumstances which would excite such suspicion in the mind of a prudent man, or of circumstances sufficient to put him upon inquiry, will not defeat his title; that result can be produced only by bad faith on his part"

—the question is whether the evidence in this case raises merely a suspicion of defect of the title and whether the facts as related by plaintiff support the contention

that he purchased the notes in good faith, or would the purchase of notes under such circumstances amount to bad faith, and did he purchase with knowledge of all the facts? In regard to the defects of title, plaintiff knew the payee was to have the machinery at Henryetta before he could obtain possession of the notes. Plaintiff also knew the payee was not responsible for the amount of the notes. He knew the consideration for the notes was the building of a brick plant. He knew the money he was advancing was necessary to purchase machinery. His banker advised him that the bank at Henryetta advised him the signers of the notes were good for the amount. He when discounted the notes 30 per cent. It might be inquired, if the payees were not responsible for the amounts of notes, upon what theory would they be responsible or be able to build a brick plant when plaintiff was advancing the money to purchase the machinery, and purchasing the notes at a discount of 30 per cent.?

The question is, under these facts and circumstances, Would all reasonable men conclude or infer that the plaintiff in purchasing said notes was acting in good faith, or could it be inferred that he knew the terms of the contract and would have reason to believe that after discounting the notes 30 per cent. the payee would be unable to carry out the terms of the contract? Could it not be reasonably inferred that the plaintiff, in advancing the money for the payee to purchase the machinery in order for them to obtain possession of the notes, made the payee his agent for that purpose, and knowledge upon his part that a complete plant was not on the sidetrack would be knowledge imputed to plaintiff?

The court in the case of Continental Ins. Co. v. Chance, 48 Okla. 324, 150 Pac. 114, stated:

"Even though the defendant offers no evidence in rebuttal, where defendant had denied plaintiff's case, and the evidence introduced on the part of the plaintiff to prove his case was of such a nature that men of ordinary intelligence might draw different conclusions therefrom, it would be error for the court to instruct a verdict."

We think from an examination of the entire evidence that the evidence upon behalf of the plaintiff was not of such a nature that men of ordinary intelligence might draw the same conclusions as to whether he was a purchaser in good faith and without notice of the defects in the title.

For the reasons stated, the judgment of the court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and KENNAMER, JJ., concur.