### JENKINS v. HELMS et al.

No. 13031—Opinion Filed July 25, 1922.

Rehearing Denied Oct. 3, 1922.

Second Rehearing Denied March 27, 1923.

(Syllabus.)

1. **Principal and Agent — Agent of Loan Company—Authority to Act.**

When one, on behalf of a loan company, takes application for loan, and furnishes other information regarding the applicant and description of the property, and forwards the same to the company and prepares all necessary papers and secures the execution thereof from the prospective borrower, said facts constitute him agent of the loan company, and while acting within the scope of his authority his acts are the acts of the company.

2. **Same—Delivery of Note and Mortgage—Notice of Conditions.**

Where an agent of a loan company takes an application for loan, and a note and mortgage is delivered to him with the understanding that he holds the same for further instructions from the borrower, held, that the company is bound by the instructions given to the agent regarding the holding of the note and mortgage, and if the agent delivers the note and mortgage in violation of these instructions to the loan company, the company takes the note and mortgage with notice of the terms and conditions upon which the same was delivered to the agent.

3. **Bills and Notes — Actions — Burden of Proof—Holders in Due Course.**

When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as the holder in due course, except as otherwise provided in section 4109, Rev. Lews, 1910.

4. **Same—Sufficiency of Evidence—Direction of Verdict.**

Even though the defendant offers no evidence on rebuttal to disclose that the plaintiff was not a bona fide holder of the note in due course, but where defendant has denied said fact, and the evidence introduced on the part of the plaintiff to prove such fact was of such nature that men of ordinary intelligence might draw different conclusions therefrom, it is not error for the court to refuse to instruct a verdict for the plaintiff.

5. **Same—Mortgage Foreclosure.**

Record examined, and held, the court did not err in refusing to direct a verdict for the plaintiff.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

Action by George R. Jenkins against Mollie Helms and another on note and real estate mortgage. Judgment for defendants, and plaintiff brings error. Affirmed, but remanded for further proceedings.

McCombs & McCombs, for plaintiff in error.

L. O. McNabb, for defendants in error.

McNEILL, J. This action was commenced in the district court of Sequoyah county by George R. Jenkins against S. R. Helms and Mollie Helms to recover upon a promissory note in favor of Aurelius-Swanson Company and assigned to plaintiff, and to foreclose a mortgage given as security for said note, and for equitable relief. The defendants filed an answer denying that the plaintiff was a holder in due course. They admit executing the note and mortgage, but allege there was no consideration for said note, and the same was obtained by fraud and void. The case was tried to a jury and a verdict returned in favor of defendants. From said judgment the plaintiff has appealed.

The material facts are about as follows: The Helms resided at Sallisaw, Okla., and on September 11, 1919, made application to Mr. Colnon, who resided at Sallisaw, as agent of Aurelius-Swanson Company, for a loan in the sum of $2,200, and on said date executed the note and mortgage in question to Aurelius-Swanson Company. Helms testified that when the note and mortgage was delivered Colnon agreed to hold the same until Helms decided whether it would be necessary for him to have a larger loan, as he was of the opinion he would need about $2,500. On the 15th day of October, 1919, Helms and his wife executed another note and mortgage to Aurelius-Swanson Company for $2,775 and delivered it to Colnon and on said date Colnon in his presence took what he represented to be the note and mortgage sued on in the instant case out of his desk, and tore the same up. Colnon was to forward the note and mortgage for $2,775 to the company. He did not do this, but

had already forwarded the $2,200 note and mortgage, or did so shortly thereafter.

The evidence discloses there was a mortgage in favor of the School Land Department in the sum of approximately $1,500 and this mortgage was to be paid out of the proceeds of the loan. On January 13, 1920, the Helms filed in the county clerk's office an affidavit, stating the note and mortgage for the sum of $2,200 had been obtained without any consideration and was void. The Aurelius-Swanson Company paid the mortgage of the School Land Department and obtained the release of the mortgage. The department executed a release of its mortgage and delivered it to Aurelius-Swanson Company on January 19, 1920. The amount paid to the School Land Department by Aurelius-Swanson Company to satisfy the mortgage was by checks, one for $1,530 dated January 3rd, and one for $29.60 dated January 14, 1920.

On November 20, 1919, Jenkins, who is a lawyer at Chicago, Ill., wrote to Aurelius-Swanson Company that he was holding the application of the Helms loan and would purchase the same within the course of the next 30 days. On December 5, 1919, Jenkins wrote to Aurelius-Swanson Company and enclosed his check for $2,146.83. The letter is as follows:

"I hereby enclose my check for $2,146.83 in payment for the Helms loan. You have credited yourself on the first coupon with the interest to December first so that I am paying you $1.83 interest from December first to date making $2,201.83 for which I deduct my commission of 2½% and enclose check for the balance $2,146.83. I am paying you this money subject to my finding the title all right when you have sent me the abstract which I trust will come soon. If the title is not satisfactory to me I will return the papers and ask you to return my payment. If the abstract is all right I will send you the assignment for recording after I have examined it."

On March 1, 1921, Jenkins wrote a letter to Aurelius-Swanson Company as follows:

"I enclose herewith the assignment of the Helms mortgage of $2,200 which you will please have recorded and return to me, and oblige."

The evidence discloses that on January 10, 1920, attorneys for Helms wrote to Aurelius-Swanson Company demanding a release of the $2,200 mortgage. The evidence further discloses that some time in January, 1920, and after the Helms had filed the affidavit that the note and mortgage was without consideration, the Aurelius-Swanson Company tendered to the Helms $456.01, the amount owing after paying the School Land Department and the expenses, which was refused by the Helms.

Plaintiff in error for reversal contends, first, that the court erred in admitting the testimony regarding the agency of W. F. Colnon and erred in permitting the testimony of the defendants, Helms, regarding the transaction with Colnon, without proving Colnon was an agent of the Aurelius-Swanson Company and acting within the scope of his authority, and erred in admitting evidence regarding the transaction between the Helms and Colnon concerning the note and mortgage of $2,775.

The evidence discloses that Colnon was in the loan business at Sallisaw, and had authority to take and receive applications for loans for the Aurelius-Swanson Company, and after loans were made he settled with the borrower. It is the contention of the plaintiff in error that even if Colnon was an agent, he only had authority to take applications and to settle with the borrower when the money was transmitted to him. It being conceded that Colnon had authority to take applications for Aurelius-Swanson Company, he was its agent for that purpose, so when he took the application for $2,200 and the note and mortgage, and agreed to hold the same, this agreement was binding upon the company. The company had no greater right to the note and mortgage than Colnon would have, and if the note and mortgage was accepted for the purpose of holding the same until the defendant decided whether it would be necessary to make a new note and mortgage for a larger amount, the company would be bound by the agreement, and it was competent to show this fact. If the note and mortgage was delivered upon that understanding, and thereafter a note and mortgage for $2,775 was executed and delivered to Colnon, and at that time Colnon took some papers out of his desk and tore the same up, and represented he was destroying the note and mortgage for $2,200, when in fact he was not, this would amount to a false representation, and a fraud, if he had already delivered the $2,200 note and mortgage to Aurelius-Swanson Company, or if he thereafter delivered the same to the comapny. This court, in the case of Langley v. Ford, 68 Okla. 83, 171 Pac. 471, held under similar facts that the local agent was the agent of the loan company; therefore it was not error to admit this testimony, as it all related to taking the application, and securing the execution of the note and mortgage and

the delivery thereof to the agent, all of which was within the scope of his authority. See, also, Bean v. Rumrill, 69 Oklahoma, 172 Pac. 452.

Plaintiff in error contends, even if Colnon was their agent, he had no authority to tear up the note and mortgage and accept a new note for $2.775, as that would not be within the scope of his authority. There is no merit in this contention. If the agent accepted the note and mortgage and agreed to hold the same, this agreement was binding on the company.

It is next contended that the trial court erred in refusing to direct a verdict in favor of the plaintiff at the conclusion of all of the evidence. In support of this assignment of error it is contended that the undisputed evidence disclosed that George R. Jenkins was a purchaser in due course for value before maturity of the note and without any notice of any defects, and therefore became an innocent purchaser.

The rule in this state is, where there is evidence the note was secured by fraud, the burden shifts to the holder of the note and mortgage to prove that he is. the holder in due course, and without notice. See Lambert v. Smith, 53 Okla. 606, 157 Pac. 909. To sustain this burden, the evidence discloses that Jenkins remitted for this note and mortgage on December 3rd, and at the time of remitting he charged the company a commission, although in some places in the testimony this is referred to as a discount. His letter stated he was remitting for the note and mortgage, upon condition of accepting the abstract of title. His letter stated that when he did accept the abstract of title he would return the assignment of the mortgage to the company for recording. When he approved the abstract and accepted the note and mortgage the record does not disclose. If he did not accept it prior to the time of filing the affidavit of Helms on the 13th of January, he was charged with constructive notice of the contents of the affidavit, and he would not be an innocent purchaser, because the record would disclose there was a defeat in the title of said note. He did not return his assignment to be recorded until March, 1921. When the abstract of title was furnished Jenkins, the record does not disclose, but the record does disclose that there were some judgments against Helms and it was necessary that the abstract did not disclose those judgments. On December 30, 1919, Aurelius-Swanson Company wrote a letter to Colnon and enclosed a statement to the abstract company, advising them to have

the abstract disclose there were no judgments. In this letter the Aurelius-Swanson Company advised the abstracter to leave off the judgments and they would protect and guarantee the abstract company against loss. When the abstracter returned the abstract to Aurelius-Swanson Company and they submitted the same to Jenkins, does not appear. If it occurred after January 13, 1920, the affidavit of Helms would be constructive notice regarding the transaction. The evidence being silent as to the date the abstract was furnished Jenkins and when he approved the title, this became a question of fact for the jury. This court, in the case of Bessee v. Morgan, 84 Okla. 203, 202 Pac. 1012, stated:

"Even though the defendant offers no evidence on rebuttal, to disclose that the plaintiff was not a bona fide holder of the note in due course, but where defendant has denied said fact, and the evidence introduced on the part of the plaintiff to prove such fact was of such nature that men of ordinary intelligence might draw different conclusions therefrom, it is not error for the court to refuse to instruct a verdict for the plaintiff."

We think there was no error in overruling the demurrer to the evidence offered on behalf of the defendant, nor in refusing the requested instruction directing the jury to return a verdict for the plaintiff.

The court, however, after the verdict of the jury simply adjudged that the plaintiff take nothing and the defendants go hence with their costs. In this the court committed error; after determining that the plaintiff was not an innocent purchaser, it was the duty of the trial court to settle the equities between the parties and to cancel the mortgage as prayed for by defendant. The plaintiff prayed for equitable relief and the defendants prayed for an order canceling and holding for naught the mortgage executed to Aurelius-Swanson Company. Aurelius-Swanson Company having paid to the School Land Department the amount of its mortgage, the court should have subrogated the plaintiff to the rights of the School Land Department and protected the plaintiff in the amount actually paid out and interest, and upon payment of that amount by the defendants Helms, should have ordered and directed that both mortgages then be canceled, or have ordered the land sold to satisfy the same. While there was no pleading asking for such relief in positive terms, yet the plaintiff asks for equitable relief, and was entitled to have this matter adjudicated; these facts were disclosed by the evidence, and the defendants having asked that the

mortgage be canceled, he was entitled to have this matter adjudicated.

The judgment of the court in finding that the plaintiff was not an innocent purchaser is affirmed, and the cause remanded, with directions to the trial court to proceed and settle the equities between the parties not inconsistent with the views herein expressed, with costs of this appeal taxed to the plaintiff in error.

PITCHFORD, V. C. J., and JOHNSON, ELTING, and KENNAMER, JJ., concur.

---

### On Petition for Rehearing.

PER CURIAM. The petition for rehearing in this case is denied, and the cause is remanded to the district court of Sequoyah county, with directions to the trial court to hear and determine the cause as to any equities existing between the parties and the right of the plaintiff in error, if any, to be subrogated to the rights of the state of Oklahoma under a mortgage paid to the commissioners of the School Land Department.

All the Justices concur, except Justice HARRISON, not participating.