## VOSS v. SMITH.

No. 13008—Opinion Filed March 11, 1924.

1. **Bills and Notes — "Holder in Due Course."**

The purchaser of a negotiable instrument, in order to be a holder in due course, must come within the requirements of section 7722, Comp. Stat. 1921, 4102, Rev. Laws 1910, defining such holder (quoted in the body of the opinion).

2. **Same—Burden of Proof.**

When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Rev. Laws, 1910 (section 7729), Comp. Stat. 1921).

3. **Same—Erroneous Ruling.**

Where the court places the burden of proving knowledge of infirmity in a negotiable instrument upon the defendant, except in the class of cases, provided for in the later part of section 4109, Rev. Laws (7729 Comp. Stat. 1921), or requires proof of such fact, by the defendant as a condition precedent to the introduction of evidence tending to establish such fact, it is reversible error.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Noble County; J. W. Bird, Judge.

Action by H. C. Smith against W. H. Voss. Judgment for plaintiff and defendant appeals. Reversed.

Cress & Tebbe, for plaintiff in error.

Adam S. Garis, Henry S. Johnston, and Wm. M. Bowles, for defendant in error.

Opinion by JONES, C. This suit was instituted in the district court of Noble county by H. C. Smith, appellee, against W. H. Vose, appellant, to recover judgment on promissory note for $169.40, due September 1, 1919, bearing interest at the rate of ten per cent. per annum, and $40 attorneys fee, if placed in the hands of an attorney for collection.

The plaintiff, Smith, alleged that he was the purchaser of said note for value before maturity and in due course. To which the defendant answered denying that plaintiff was an innocent holder of said note, but admitting the execution and delivery of same to the Mid-West Insurance Company, and avers that the note was given as a premium for insurance for which he made application to said company. That the application signed by the defendant was for insurance to cover his grain crop at $20 per acre, that when he received the policy it provided for only $16.50 insurance per acre, and that the description of the land in the policy was erroneous, not in conformity with the description given in the application, and not covering the land of the defendant, and, the policy provided for a premium of $172.50 rather than $169.40 as evidenced by the note, and for the above reasons the defendant refused to accept the

policy and immediately returned same to the company. And a short time thereafter the company returned the policy to the insured, which was again returned to the company. The company contend that they again returned the policy to the defendant for the third time, which is denied by the defendant. The policy seems to have been lost or dstroyed as the same was not in evidence during the trial of this case and neither party was able to account for same. To which answer the plaintiff filed a reply denying all of the averments of defendant set forth in his answer, and re-alleging that he is an innocent purchaser for value before maturity, and was without knowledge of any of the defects or defense asserted by defendant, at the time he purchased said note. The note upon its face shows that it was given as premium for insurance on growing crops, and contains a mortgage clause wherein the payment of same is secured by the crops covered by said insurance policy. The matter was tried before a jury on May 23, 1921, and at the conclusion of the evidence on the part of the defendant the court on its own motion instructed the jury to return a verdict for the plaintiff in the amount sued for, which was done. Motion for a new trial was filed and duly overruled, from which order and judgment the defendant, Voss, appeals, and sets forth the following specifications of error:

"(1). Because of errors of law occurring at the trial and excepted to at the time by plaintiff in error.

"(2). Because the judgment is contrary to the evidence.

"(3). Because the judgment is contrary to law.

"(4). Because the court erred in overruling the motion of the plaintiff in error for new trial."

Counsel for appellant in his brief urges only one proposition and that is that the court was in error in holding that the burden of proof was upon the defendant to show knowledge on the part of the plaintiff, Smith, of the defects and defense pleaded by the defendant against the payment of the note. In the trial of the case plaintiff made proof of the notes and his purchase thereof and rested his case. The defendant, among other things, offered in evidence the original application for insurance, which was the basis of the entire transaction, and placed two expert witnesses upon the stand to show that there had been certain alterations or erasures made in said application

and the defendant testified that same were made after he had subscribed his name thereto and was without his knowledge or consent. The erasures consisted in changing the amount of insurance from $20 to $16.50 per acre, which was one of the reasons given by the defendant for refusing to accept the policy of insurance, and returned the same, and after this proof was made and the application had been identified, the following incident occurred:

By the attorney for the defendant, Mr. Cress:

"We offer this instrument in evidence and tender it to the jury at this time"
—to which offer the plaintiff by his attorney, Mr. Garis, made the following objections:

"If the court please at this time, we object to the offer of that instrument, or any other instrument to the jury for the reason that does not make it appear that there had been any alterations on this piece of paper, it cannot effect the plaintiff at all until they show first, that this plaintiff had knowledge of that alteration; they must bring knowledge first to the plaintiff before the jury is entitled to hear any evidence regarding any fraud or any other thing that would avoid the payment of this note"
—to which the court replied:

"You have got to bring it home to him, of course, there is no question about that. Objections sustained at this time"
—to which order the defendant excepted and thereafter offered in evidence letters written by the defendant and accompanying the policy at the time of its return to the company, to which the plaintiff objected, which objections were sustained by the court and the defendant excepted. Appellant cites section 7722, Comp. Stat. 1921, which reads as follows:

"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument is defective, the burden is on the holder to prove he or some other person under whom he claims acquired the title in due course. But the last named rule does not apply in favor of a party who becomes bound on the instrument prior to the acquisition of such defective title."

And also cites section 7725, which lays down the rule as to when the title of the holder of negotiable instrument is defective:

"The title of a person who negotiates an instrument is defective within the mean-

ing of this chapter when he obtained the instrument or any signature thereto, by fraud, duress, or force and fear, or other unlawful means, or for an illegal consideration, or when he negotiates it in breach of faith, or under such circumstances as amount to fraud."

And cites section 7722, which defines a holder in due course:

"A holder in due course is a holder who has taken the instrument under the following conditions: First: That it is complete and regular on its face. Second: That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. Third: That he took it in good faith and for value. Fourth: That at the time it was negotiated to him, he had no notice of any infirmity in the instrument or defect in the title of the person negotiating."

Consequently, under the provisions of the statutes just cited, the plaintiff was at the outset of the suit favored with the presumption that he was a holder in due course. But upon the defendant making proof of facts tending to show a defect in the title of the payee, then the burden was upon the plaintiff to prove that he was a holder in due course as defined by section 7722.

The requirements prescribed by that section are all matters of fact for the consideration of the jury, and under section 7729 the court was in error in sustaining the objections to the introduction of the evidence offered for the reason that it is not necessary that the defendant make proof of the fact that knowledge of the defects had been brought home to the plaintiff before introducing evidence of the defects in title, or the defense which he might allege and prove as against the payment of the note in the hands of the original vendee. This section has been construed a number of times by this court and a leading case on the subject is that of Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, wherein the court said:

"There being evidence of fraud in the procurement of the note, under the statute the burden was upon the plaintiff, and not upon the defendant, to establish that he acquired title to the note in due course, which as we have seen, includes that it was taken in good faith, and that at the time the purchaser had no knowledge of any infirmity in the instrument or defect in Vennum's title. While the authorities uphold with much unanimity the rule that neither negligence nor knowledge of suspicious circumstances nor failure to make inquiries will in and of itself amount to bad faith in a holder of negotiable paper who purchases it for value before maturity, yet they are equally insistent in holding that the existence of such facts may be evidence of bad faith sufficient to take the question to the jury: and especially is this so where the burden of proof is upon the holder to establish the innocent character of his purchase. Arnd v. Aylesworth, 145 Iowa, 185, 123 N. W. 1000, 29 L. R. A. (N. S.) 638; Kellogg v. Curtis, 69 Me. 212, 31 Am. Rep. 273; Canjoharie Nat. Bank v. Diedenforf, 123 N. Y. 191, 25 N. E. 402, 10 L. R. A. 676; Murray v. Lardner, 2 Wall. 110, 17 L. Ed. 857; Goodman v. Harvey, 4 Ad. & El. 870. Although suspicious circumstances are not notice as a matter of law, yet the jury may find them so as a matter of fact, and evidence going to show the existence of such grounds for suspicion is always admissible."

In the opinion, it was further said (53 Okla. 614, 157 Pac. 912):

"Evidence of fraud in the procurement of the note from Lambert having been introduced, the burden then shifted to the plaintiff to show that he acquired the note without knowledge of any infirmity therein and in good faith, as was held in Winfield Nat. Bank v. McWilliams, 9 Okla. 493, 60 Pac. 229; Forbes v. First Nat. Bank, 21 Okla. 206, 95 Pac. 785. The rule announced in First Nat Bank of Stratford v. Walker, 39 Okla. 620, 136 Pac. 408, 50 L. R. A. (N. S.) 1115, that:

" 'In an action on a note by a transferee thereof, defendant cannot introduce evidence as to fraud and failure of consideration until he first substantiates his allegation challenging plaintiff's claim of a bona fide purchase for value before maturity'—is in conflict with the earlier cases cited and with the weight of authority. The same is therefore disapproved.

"The foregoing rule, however, does not govern where, as in the proviso to section 4109 of the statute (section 7729, Comp. Stat. 1921), the party became bound upon the instrument prior to the acquisition of the defective title. But we have already seen that in the present case there was evidence of fraud in the procurement of the note by Vennum (the payee); hence the exception in the statute is not brought into action but instead the general rule placing the burden upon the holder governs.

"This error of the court in placing the burden of proof upon the defendant in plain violation of the statute was prejudicial and constituted reversible error. Fraud having attached in the inception of the note, and being shown in evidence, it then rested upon the plaintiff to meet that issue. Heeding the instruction given, this was unnecessary. On the other hand, the instruction imposed upon the defendant the additional duty of proving a fact not necessary in his defense, and relieved the plaintiff of making proof

of fact necessary to recovery. Thus the purpose of the statute was circumvented, and it is not sufficient answer to say that the giving of the instruction, even though erroneous, was without prejudice."

The court in this case seems to have followed the rule as announced in First National Bank of Stratford v. Walker, 39 Okla. 620, 136 Pac. 408, which is specifically disapproved in the case of Lambert v. Smith.

The ruling of the trial court in the present case went further than the court went in the case of Lambert v. Smith, who refused to let evidence of the fraudulent inception of the note be given to the jury until the defendant substantiated his allegation challenging that the plaintiff was not a holder in due course. The record clearly shows that the court was of the opinion that knowledge of the fraud must be brought home to the plaintiff before evidence of the fraud practiced in procuring the note could properly go to the jury. The evidence which was offered and rejected by the court was documentary and of such nature that the jury might have reasonably inferred notice to the plaintiff, taking all the other facts proved into consideration.

The evidence discloses that H. C. Smith, the plaintiff, was at the time of the institution of this suit president of the Mid-West Insurance company, having accepted the position only a short time after he had purchased the note in question, and seems to have negotiated the deal for the note together with numerous other notes, with his brother, who was a stockholder and officer of the insurance company. The statutory rule places the burden of proof on the plaintiff, claiming to be a holder in due course, when evidence of fraud is introduced tending to show fraud in the inception of the note or want of consideration. This rule has been consistently adhered to by this court in the cases of Duncan v. Waurika State Bank, 62 Okla. 175, 162 Pac. 788; Daniels v. Bunch, 69 Okla. 113, 172 Pac. 1086; Mangold & Glant State Bank v. Utterback, 63 Okla. 655, 174 Pac. 542; and many other authorities are cited.

The same rule has been recently announced and followed in the case of Besse v. Morgan, 84 Okla. 203, 202 Pac. 1012; Union State Bank v. Mayor, 88 Okla. 230, 212 Pac. 987; Jenkins v. Helm, 89 Okla. 77, 213 Pac. 322, and the rule has recently been re-affirmed in the case of Messman v. Wilt et ux., 91 Okla. 240, 217 Pac. 412. In keeping with the rule as provided by our statutes and as announced by the authorities cited, we are inclined to the opinion that the court was in error in sustaining the objections to the evidence offered and also in error in directing the jury to return a verdict for the plaintiff. We therefore recommend that the case be reversed and remanded for a new trial.

By the Court: It is so ordered.