## HELMS et al. v. JENKINS.

No. 16388—Opinion Filed June 8, 1926.

1. **Subrogation—Right not Acquired by Volunteer Payment of Mortgage.**

One owing no duty, who voluntarily and without request so to do, pays the mortgage indebtedness of another and causes the mortgage to be discharged and released, is not thereby entitled to subrogation.

2. **Same — Appeal and Error — Mandate— Proceedings in Lower Court in Conformity—Settling Equities.**

Where, in such case, the trial court, pursuant to a mandate of this court to settle the equities between the parties, finds that the indebtedness so paid was paid for the benefit of the mortgagors, and that they received the full benefit thereof, and enters judgment for the plaintiff, payor, for the amount so paid, and erroneously holds the payor entitled to subrogation, but, notwithstanding such holding, does not foreclose the mortgage, but decrees the judgment to be an equitable lien on the land described in the mortgage, the judgment will be affirmed, where it is authorized by the mandate and supported by the evidence.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Sequoyah County; J. T. Parks, Judge.

Action by George R. Jenkins against Mollie Helms and Sidney R. Helms. Judgment for plaintiff, and defendants appeal. Affirmed.

Cleveland Holland and Caswell S. Neal, for plaintiffs in error.

T. M. McCombs, for defendant in error.

Opinion by RAY, C. This suit was originally brought by George R. Jenkins against S. R. Helms and Mollie Helms to recover on a promissory note in the sum of $2 200 and interest. executed to Aurelius-Swanson Company, and assigned to the plaintiff, Jenkins. and to foreclose a mortgage given to secure the payment of the note. Defendants, by their answer alleged. in substance, that the note and mortgage were executed without consideration, and that the plaintiff,

Jenkins, was not a purchaser in due course for value.

The evidence showed the note and mortgage were executed October 11, 1919, to Aurelius-Swanson Company, and offered for sale to the plaintiff, Jenkins, a resident of Chicago. December 5, 1919, Jenkins forwarded his check to Aurelius- Swanson Company for the amount of the note, less the commission, and in the letter of transmittal stated he was paying the amount for the Helms loan, subject to approval of the abstract when received; that if the title were not satisfactory, he would return the papers and ask for a return of the money, but, if the abstract were approved, he would send the assignment for record, and, on March 1, 1920, sent the assignment to Aurelius-Swanson Company to be placed of record. The evidence further showed that the proposed loan by defendants Helms was to pay a mortgage held by the State School Land Department in the sum of approximately $1500. The Aurelius-Swanson Company, on the 3rd of January, 1920, paid to the School Land Department the amount of the Helms mortgage, and, on the 19th day of January, a release of the mortgage was executed and delivered to Aurelius-Swanson Company, and thereafter filed for record. The evidence further showed that the balance of the $2,200 loan, above the amount paid the School Land Department in payment of the Helms mortgage, was tendered by Aurelius-Swanson Company to the defendants Helms, and they refused to accept it.

Defendant S. R. Helms testified that at the time he executed the application for the loan, and the note and mortgage sued on, and left them with Aurelius-Swanson Company's local agent at Sallisaw, it was agreed by them that the local agent would hold the application, note, and mortgage until he, Helms, could decide whether he wanted to make application for the loan of a larger sum; that he executed another note and mortgage for the sum of $2,700, and delivered them to Aurelius-Swanson Company's local agent at Sallisaw, and that the agent, in his presence, took from his desk papers purporting to be the original note and mortgage executed by him, tore them up, and threw them away, with the statement, in substance, that he would get rid of the old mortgage. On this evidence judgment was for the defendants against the plaintiff, from which plaintiff appealed. In that case (Jenkins v. Helms, 89 Okla. 77, 213 Pac. 322), it was held that the Aurelius-Swanson Company was bound by the agreement of its local agent, if such agreement were made,

to hold the note and mortgage pending Helm's decision as to whether he wanted to make a larger loan, and that the act of the local agent in tearing up certain papers and representing he was destroying the note and mortgage for $2,200, when in fact he was not, amounted to a false representation and fraud. It was also held that plaintiff, Jenkins, was not an innocent purchaser, and the judgment was affirmed. It was further held, however, that the court should have settled the equities between the parties, and "Aurelius-Swanson Company having paid the School Land Department the amount of its mortgage, the court should have subrogated the plaintiff to the rights of the School Land Department, and protected the plaintiff in the amount actually paid out and interest." The opinion concluded:

"The judgment of the court in finding that the plaintiff was not an innocent purchaser is affirmed, and the cause remanded, with directions to the trial court to proceed and settle the equities between the parties not inconsistent with the views herein expressed, with costs of this appeal taxed to the plaintiff in error."

On rehearing, the directions to the trial court were modified, in a per curiam opinion, in this language:

"The petition for rehearing in this case is denied, and the cause is remanded to the district court of Sequoyah county, with directions to the trial court to hear and determine the cause as to any equities existing between the parties and the right of the plaintiff in error, if any, to be subrogated to the rights of the state of Oklahoma under a mortgage paid to the Commissioners of the School Land Department."

On the going down of the mandate the plaintiff, Jenkins, filed an amendment to his petition, in which he alleged, in substance, that at the time of the purchase of the note and mortgage from Aurelius-Swanson Company, he remitted the amount due, and with the funds so transmitted the Aurelius-Swanson Company, under the directions of the defendants, paid to the Commissioners of the Land Office, the amount of their mortgage, together with the accumulated interest in the total sum of $1,559; that upon such payment the mortgage held by the Land Department was released, and by reason of such payment, he was entitled to be subrogated to all the rights of the Land Department in and to the mortgage lien. The defendants, by their answer, specifically denied that they ever requested Aurelius-Swanson Company to pay the note and mortgage held by the School Land Department.

The case was tried on the same evidence as on the former trial, and the court found that the plaintiff was entitled to be subrogated to all rights of the Commissioners of the Land Office of the state of Oklahoma, and rendered judgment for the amount paid by the Aurelius-Swanson Company to the Land Department in payment of its mortgage and interest, and the judgment was decreed to be a first and valid lien on the real estate mortgaged to the School Land Department.

Defendants, in their appeal, present but one question: "Should the doctrine of subrogation be held to extend to the defendant in error, George R. Jenkins, under the facts as presented by this record?"

The fact that Aurelius-Swanson Company paid the indebtedness due from Jenkins to the state and secured a release of its mortgage, did not give Jenkins a right to subrogation. Neither did the fact, if a fact, that Aurelius-Swanson Company paid the state's mortgage out of the money advanced by Jenkins in payment for Helms' mortgage, entitled him to subrogation. He was under no duty to pay it. He was a volunteer. Kahn v. McConnell, 37 Okla. 219, 131 Pac. 682.

The fourth paragraph of the syllabus in the case of Kiniry v. Davis, 82 Okla. 211, 200 Pac. 439, is as follows:

"Where the proceeds of a loan, secured by a mortgage, are used to pay a prior mortgage and judgment lien upon the property mortgaged, and said mortgage and judgment lien are released of record, the mortgagee furnishing the money to pay such mortgage and judgment lien, being in no way obligated to pay the same, and there being no agreement that such mortgagee be substituted to the rights of the mortgagee or judgment creditors, the doctrine of subrogation in such a situation has no application."

It is argued by counsel for Jenkins that the holding in the opinion by Justice McNeill, on the former appeal, that Jenkins was entitled to be subrogated to all of the rights of the School Land Department under its mortgage, is the law of the case. In making such contention counsel apparently have overlooked the fact that the language of the opinion was modified by the per curiam opinion quoted. The court's final directions in remanding the case were to herein determine the cause as to any equities existing between the parties and the right of the plaintiff in error, if any, to be subrogated to the rights of the state under its mortgage. It was for the trial court to determine whether, on the facts, Jenkins was entitled to be subrogated to the rights of the School Land Department, and we think the trial court erred in holding that he had such right.

It is contended for Jenkins that the Helms, in their application for a loan to pay the mortgage held by the state, authorized Aurelius-Swanson Company to pay to the state the amount due. That question is disposed of on the former appeal, when it was held that the local agent was guilty of fraud in transmitting the $2,200 mortgage to Aurelius-Swanson Company, and that Aurelius-Swanson Company had no more right to the mortgage than the local agent would have had. The application for a loan referred to was the application for the $2,200 loan, and was received by the local agent and transmitted to Aurelius-Swanson Company under the same conditions and circumstances as were the note and mortgage. However, notwithstanding the lower court held, as a matter of law, that Jenkins was entitled to subrogation, the doctrine of subrogation was not applied in the decree. The mortgage to the School Land Department was not foreclosed. Judgment was for the amount paid for the release of the mortgage and interest, and the judgment was decreed to be a first and valid lien on the land described in the mortgage. The lien decreed was, in effect, an equitable lien for money paid for the benefit of the defendants, and for which they had received full value in the satisfaction and release of their mortgage to the School Land Department. While the court erred in holding that the voluntary payment of the mortgage by Aurelius-Swanson with the money of Jenkins entitled Jenkins to subrogation, the equitable lien decreed was authorized by the mandate and supported by the evidence.

While the question is not presented by the briefs, we think section 319, C. S. 1921, which provides that the court, in every stage, must disregard any error, defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party, and that no judgment shall be reversed or affected by such error or defect, is peculiarly applicable here. On the former appeal, it was held that Jenkins had constructive notice of the defect in Aurelius-Swanson Company's title, and, for that reason, he could not foreclose his mortgage. Upon his prayer for general equitable relief, the case was remanded, with directions to determine the equities between the parties. The court, on a second trial, properly

found that Aurelius-Swanson Company paid to the School Land Department, with Jenkin's money, the amount owing by the defendants, and caused their mortgage to be discharged, and entered judgment for the amount so paid, and decreed the judgment to be an equitable lien on defendants' land described in the mortgage.

The decree was authorized by the mandate and supported by the evidence. The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 37 Cyc. p. 375; anno. 16 L. R. A. (N. S.) 235; 25 R. C. L. p. 1325; 5 R. C. L. Supp. p. 1372. (2) 4. C. J. p. 1168, sec. 3190.