## BARRY v. KNISELEY et al.

No. 6714.    Opinion Filed March 7, 1916.

(155 Pac. 1168.)

1.  **APPEAL AND ERROR—Verdict—Evidence.** In a civil action the verdict of the jury, reasonably supported by the evidence, will not be reversed upon appeal, in the absence of a showing that the court committed some prejudicial error of law during the course of the trial.

2.  **BILLS AND NOTES—"Bona Fide Holder"—Knowledge of Indorsee.** Knowledge that a note was given in consideration of an executory agreement of the payee, which has not been performed, with knowledge of the breach of such agreement, will deprive the indorsee of the character of a **bona fide** holder.

(Syllabus by Galbraith, C.)

*Error from District Court, McCurtain County;*
*Summers Hardy, Judge.*

Action by Henry D. Barry against Elmer Kniseley and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*R. W. Skipper,* for plaintiff in error.

*N. W. Gore,* for defendants in error.

Opinion by GALBRAITH, C.   This action was commenced in the trial court by Henry D. Barry to recover on six promissory notes, aggregating the sum of $1,000 and interest.   The notes bear date of September 13, 1912, and were signed by Kniseley Bros. and payable to the order of the American Manufacturing Company, and indorsed October 9, 1912, by the payee.

Plaintiff alleged in his petition that he was the owner and holder of the notes in due course; that they were past due and that demand for payment had been made; that the entire amount was unpaid, and prayed for judgment therefor.

Answering, the defendants admitted the execution and delivery of the notes, but alleged that there was a total failure of consideration for the execution thereof, and denied that Barry was a holder in due course.   There was a trial to the court and a jury, and a verdict returned for the defendants, upon which judgment was rendered, canceling the notes and awarding costs to the defendants, from which an appeal has been prosecuted to this court.

It appears from the record that the American Manufacturing Company, of Lexington, Tenn., and Chicago, Ill., was the vendor of an advertising plan intended for sale to country merchants and was represented to be a sure method of increasing sales of their merchandise.   The "plan" was vended by a traveling salesman, who approached the country merchant, and where a trade was made, a contract in writing was entered into between the merchant and the American Manufacturing Company, whereby the latter agreed to deliver to the former, f. o. b. at its factory, a certain automobile, particularly described

in the contract, a certain number of fountain pens, tickets, and posters, and advertising matter. The merchant executed his notes to the American Manufacturing Company for $1,000, and the contract and notes were forwarded to the company at its office in Lexington, Tenn. Such a contract was entered into between Kniseley Bros., local merchants at Idabel, Okla., and the American Manufacturing Company, and the notes in suit were executed. When the automobile arrived at Idabel, Kniseley Bros. refused to accept it because, they claim, it was not according to the terms of the contract, and it was not a new car, but a secondhand one, and was broken and practically worthless. The company was notified of their refusal to accept the car, and demand was made for the return of the notes.

It is contended on behalf of Barry that he purchased the notes in suit on the 9th day of October, 1912, for cash, without notice of any defense against them, and for value, and is therefore a holder in due course; while it is contended on behalf of the defendants in error that Barry was acquainted with the method employed by the American Manufacturing Company in its business and was familiar with the scheme by which they obtained the notes in suit, and knew that the company shipped a secondhand automobile in an attempt to comply with the terms of its contract, and that he did not purchase the notes in good faith, but was a party to the fraud attempted to be perpetrated upon these defendants by the American Manufacturing Company.

There are a number of assignments of error set out in the brief of the plaintiff in error, but these do not seem to require specific consideration, inasmuch as there is but one controlling issue in the case; that is, as to whether or

not the plaintiff in error was a holder of the notes in suit in due course.  If he was, the verdict of the jury and the judgment of the court below were wrong and should be reversed, and if he was not, the judgment was right and should be sustained.

The execution of the notes was admitted.  That they were negotiable in form is not denied, and the only question in the case is as to whether or not the plaintiff in error had notice, or was a party to the scheme by which the notes were obtained.  This issue was fairly and fully submitted to the jury by the court in its instructions.  The court, among other things, instructed the jury as follows:

"The jury are therefore instructed that before they can find for the defendant they must find from the evidence in this case, by a fair preponderance thereof, that at the time the plaintiff acquired title to said notes he had knowledge of the terms of the contract entered into between the American Manufacturing Company and the defendants, and a failure, if any, upon the part of the American Manufacturing Company to carry out the terms of said contract, and had knowledge of these facts at the time he acquired title to the notes in controversy."

The issue raised in this case was thereby fairly presented to the jury, and since it was an issue of fact, if there is any evidence in the record reasonably tending to support the verdict, it must be sustained.  *Myers v. Cabiness,* 44 Okla. 671. 146 Pac. 33.  There is evidence in the record that the automobile which was tendered to the defendants in error at Idabel under this contract was shipped by an attorney at Kernes, Tex., who had represented Mr. Barry in a suit on some notes taken by the American Manufacturing Company, and indorsed to Mr. Barry under one of these advertising contracts, and that the local mer-

chant at Kernes had refused to accept the automobile be-
cause it was a secondhand car and did not comply with
the specifications of the contract. Mr. Barry, the plaintiff
in the instant case, appeared in that deal as the holder of
the notes, claiming to be a *bona fide* purchaser for value,
and prior to maturity, and without notice of defenses. That
suit was compromised by Mr. Barry's attorney, and the
automobile was taken back, and it also appeared that prior
to that time this same car had been tendered to a merchant
at West Point, Miss. This identical car—the one involved
in these two prior deals—was the one shipped to the de-
fendants in error at Idabel. This testimony would fully
justify the verdict of the jury, and would support the find-
ing that Mr. Barry must have known at the time he claims
to have purchased these notes from the American Manu-
facturing Company just how they were obtained and the
consideration paid therefor. *City National Bank v. Kelly,*
51 Okla. 445, 151 Pac. 1172; *Security Trust & Savings Co.
of Charles City, Iowa, v. Gleichmann,* 50 Okla. 441, 150
Pac. 908, L. R. A. 1915F, 1203.

The judgment appealed from should be affirmed.

By the Court: It is so ordered.