## DUNKIN v. WAURIKA NAT. BANK.

No. 8065—Opinion Filed Jan. 9, 1917.

(162 Pac. 788.)

**1. Negotiable Instruments—Defenses—Bona Fide Purchasers.**

The first and third paragraphs of the syllabus in Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, approved and adopted herein.

**2. Same.**

The first paragraph of the syllabus in Harris v. Clauton, 46 Okla. 183, 148 Pac. 683, approved and adopted herein.

**3. Pleading—Action on Note—Judgment on Pleadings.**

In an action upon a negotiable promissory note, the plaintiff claimed to be a holder in due course, the answer admitted the execution of the note and that it had not been paid, and alleged that it had been executed and delivered upon a condition, and a failure of the condition, and that it had been negotiated in breach of faith, and that the plaintiff had knowledge of all these facts when the note was indorsed to it. Held, that it was error for the trial court to strike the matters of affirmative defense from the answer, and to render judgment for the plaintiff upon the pleadings.

(Opinion by Galbraith, C.)

Error from County Court, Jefferson County; Ben F. Saye, Judge.

Action by the Waurika National Bank against F. P. Dunkin. There was judgment for the plaintiff, and defendant brings error. Reversed.

Bridges & Vertrees, for plaintiff in error.

Guy Green, for defendant in error.

Opinion by GALBRAITH, C. The Waurika National Bank, as plaintiff, in the court below, sued the plaintiff in error as defendant, to recover the amount of a negotiable promissory note, dated October 27, 1914, due six months after date, for $300, and interest at 10 per cent. and 10 per cent. attorney's fees, payable to the order of G. M. Hines, and indorsed in blank by the payee. It was alleged that the bank was the owner and holder of said note in due course, and that the same was past due and no part of the same had been paid. The prayer was for judgment for the amount of the note, interest, and attorney's fees. The defendant denied liability on the note, and his answer alleged the following:

"Comes now the defendant in the above-entitled action, and for his answer to the petition of the plaintiff states that he admits the execution of the note sued upon by the plaintiff in this action, and that the same has not been paid, and for a defense to said note this defendant denies that the said note was obtained by the plaintiff for value, but states the facts to be that said plaintiff, at the time it obtained said note, held a note executed by one G. M. Hines, to plaintiff, and to secure the payment of the Hines' note it took and now holds a chattel mortgage upon certain property belonging to the said Hines, which note of the said Hines at the time of the commencement of this action was past due and not paid, and that plaintiff refused to foreclose its chattel mortgage given by the said Hines to it, although this defendant has frequently demanded of the plaintiff to do so; that at the time said plaintiff obtained the said note sued upon, it did so from the said Hines, and this defendant, with the knowledge and agreement that the said note sued upon was not to be paid by this defendant, unless and in the event this defendant became the purchaser of certain lands located in section 5, township 5 south, range 5 west, belonging to Martin H. Hines, a minor, and the son of the said G. M. Hines, for which land this defendant was then on a trade for, through the said G. M. Hines, as the father of the said Martin H. Hines, and the said plaintiff through its officers and acting agents well knew that this defendant was not to pay said note unless he became the purchaser of the above-described lands, and well knew that said note was executed, and that at the time it obtained said note, nor at any time since, has it ever paid to the said Hines anything for said note, but took the same as additional and collateral security to the note that said Hines then and there owed said plaintiff, with a perfect knowledge of all the facts, circumstances and conditions upon which said note was executed. Defendant alleges and states that after said Hines secured said note he indorsed the same to the plaintiff, and then and there refused to permit the said Martin H. Hines to sell said land, and refused to carry out his contract and agreement with said defendant by which said defendant could become the purchaser of said land, by reason thereof the consideration for the execution of said note failed, and the same became noncollectible in the hands of the said Hines or this plaintiff."

The plaintiff then filed two motions in said cause; one to strike "all that portion of said answer that seeks to set up the contract between said defendant Dunkin and one G. M. Hines for the sale of certain lands belonging to Martin H. Hines, a minor, for the reason that an agreement, if made, was contrary to law, and nonenforceable, and no right could be acquired by said defendant therein," and the other motion for judgment on the pleadings. The court upon consideration of said motion granted both, and entered judgment for plaintiff as prayed in its petition. Error is assigned here to the action of the court in sustaining said motions.

It will be observed that the bank, in its petition, alleged that it was a bona fide holder of the note in due course, and that it purchased the same prior to maturity and without notice of any defenses against the same. The answer denied that the bank was the holder in due course and set out facts that tended to show that the note had been executed and delivered upon condition, and that there had been a failure of consideration, and that the same had been negotiated in breach of faith, and that the bank had knowledge of all these facts at the time the note was indorsed to it by the payee. These allegations, if true, constituted a good defense to the action. Harris v. Clanton, 46 Okla. 183, 148 Pac. 683; Keisel v. Baldock et al., 55 Okla. 487, 154 Pac. 1194, L. R. A. 1916D, 632; Barry v. Kniseley et al., 56 Okla. 324, 155 Pac. 1168. The law is settled in this state that:

"The purchaser of a negotiable instrument, in order to be a holder in due course, must come within the requirements of section 4102, Rev. Laws 1910, defining such holder." Lambert v. Smith, 53 Okla. 606, 157 Pac. 909, and cases cited.

The court in the above cause announced another rule as follows:

"That the owner of a negotiable note who obtains it before maturity for a valuable consideration, without knowledge of any defect of title, and in good faith, holds it by title valid against the world" (citing a long list of cases).

That case also announced the rule equally well established as follows:

"When it is shown that the title of any person who has negotiated a negotiable instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course, except as otherwise provided in section 4109, Rev. Laws 1910."

See, also, Gourley v. Pioneer Loan Co., 51 Okla. 434, 151 Pac. 1072; Cox v. Kirkwood, 59 Okla. 183, 158 Pac. 930.

It is apparent that the plaintiff in error, by the action of the trial court complained of, was wrongfully denied the right to make his defense to the action.

Whereupon the judgment appealed from is reversed, and the cause remanded for further proceedings.

By the Court: It is so ordered.