## WALKER et al v. BARTLESVILLE STATE BANK.

No. 11262—Opinion Filed July 10, 1923.

**Bills and Notes—Bona Fide Holders—Corporate Property—Indorsement.**

A negotiable instrument payable to a corporation and indorsed with its name, but such indorsement not showing to have been made by any authorized officer of the corporation, and where such purported corporate indorsement is followed by the personal indorsement of two of the corporate officers who take personal credit for the proceeds of the note at a bank where same is negotiated, such bank knowing their relation to the corporation, the indorsee of such paper is not an innocent purchaser for value, nor a holder in due course as against the maker of such note who defends on the ground of fraud.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by the Bartlesville State Bank against James H. Walker et al., to recover upon a certain promissory note in the sum of $1,000, together with interest and attorney's fees thereon. Verdict was directed for the plaintiff for the amount sued for and judgment rendered in conformity with the verdict, and this proceeding in error was commenced in this court to reverse the judgment so rendered. Reversed and remanded, with directions.

On July 21, 1914, James H. Walker executed and delivered his certain promissory note in the sum of $1,000, payable six months after date, to the Cherokee Cigar Company, a corporation, in payment for certain stock in the company. On the 25th day of July, 1914, this note was transferred to the Bartlesville - State Bank, which claims to be a **bona fide** holder in due course and for value. The note was introduced in evidence and appears in the record as an exhibit and shows that it is indorsed as follows:

"Cherokee Cigar Company.
"J. C. Hartman.
"R. S. Bradley."

For his separate answer to the petition of the plaintiff, James H. Walker admitted the execution and delivery of the note sued on but specially pleaded fraud and misrepresentation as a defense thereto and for the purpose of raising the issue of whether the plaintiff was a bona fide holder of such paper pleaded that R. S. Bradley was a director and vice-president of the plaintiff bank and also president of the Cherokee Cigar Company; that George R. McKinley was cashier of the plaintiff and secretary of the Cherokee Cigar Company, and that said

R. S. Bradley and George R. McKinley, together with J. C. Hartman, who was director in the Cherokee Cigar Company, falsely represented and stated to the defendant that said cigar company owed no debts and that its stock on hand was worth $12,000; that it was paying dividends and that its corporate stock was worth $2.00 for $1.00. That in truth and in fact said cigar company owed debts amounting to about $7,000; that its stock on hand was worth about $2,500, and that the corporate stock was practically worthless. That by reason of said false and fraudulent representations so made to the defendant, he was induced to purchase $1,000 worth of the capital stock of the Cherokee Cigar Company, in payment for which the note in suit was executed. Upon the trial of the case the court sustained objections to the testimony offered by the defendant in support of the special defense so pleaded, and at the conclusion of all the testimony sustained a demurrer to the evidence of the defendant and directed a verdict in favor of the plaintiff for the amount sued for.

Trial was had September 11, 1919. Thereafter on May 12, 1922, the Bartlesville State Bank was declared insolvent and its assets were taken over by the bank commissioner, in whose name this action has been revived. The parties will hereafter be referred to as plaintiff and defendant as they appeared in the trial court.

C. C. Julien and J. L. Barnes, for plaintiff in error.

Norman Barker, A. F. Vandeventer, and J. T. Shipman, for defendant in error.

Opinion by LOGSDON, C. At the outset of this case the court is confronted with the proposition raised by plaintiff in its brief that the brief of the defendant is fatally defective for failure to comply with rule 26 of this court (47 Okla. X), and plaintiff asks that this court disregard the brief of defendant and sustain the action of the trial court for failure of defendant to comply with said rule 26. While the brief of the defendant is subject to the criticism directed against it, yet it sufficiently presents to this court the question of whether the trial court erred as a matter of law in sustaining the demurrer to the evidence of defendant and directing a verdict in favor of the plaintiff, and since this assignment calls in question the entire record of the trial this court will consider the case on its merits, notwithstanding the failure of the defendant to strictly comply, in the preparation of his brief, with rule 26.

In this case the separate answer of defendant Walker to the amended petition of the plaintiff bank alleged that R. S. Bradley was vice president and director of plaintiff bank and also president and director of Cherokee Cigar Company; also that George R. McKinley was cashier and director of plaintiff bank and secretary-treasurer and director of Cherokee Cigar Company; also that J. C. Hartman was a director of Cherokee Cigar Company. This answer was verified, and the reply thereto was an unverified general denial. This was sufficient to establish the fiduciary relations without further proof. Comp. Stats. 1921, sec. 287 (Rev. Laws 1910, sec. 4759).

The note sued on was payable to the Cherokee Cigar Company, or order, and the company's indorsement does not show to have been made by any authorized officer. Hartman and Bradley, both directors of the company and one of them its president, took credit on their personal accounts at the plaintiff bank for $500 each, the face value of the note. (C.—M. p. 57.) McKinley, the cashier of plaintiff bank and secretary-treasurer of Cherokee Cigar Company, negotiated the sale of this note to the bank. If there were no rule of law imputing notice to the bank, under this state of facts, of infirmity in the title of Hartman and Bradley to this corporate property, this court would unhesitatingly announce one. But the rule is well settled:

"On the plainest principle of ordinary business honesty, a party to a transaction in which an officer or agent of the corporation uses the corporate credit, funds, or property to satisfy a personal obligation is by that fact alone put on inquiry as to the officer's authority to make the contract, and acts at his peril where he fails to take adequate measures to ascertain the extent of the officer's power in the matter." Thompson on Corporations (2nd Ed.) vol. 2, sec. 1700.

In the case of Jenkins v. Planters' & Mechanics' Bank, 34 Okla. 607, 126 Pac. 757, this court announces the rule in the syllabus as follows:

"The agent of a principal, the trustee of a cestui qui trust, or the officer of a corporation, is not permitted to divert to his own use the funds of his principal without authority to do so; and one who receives from an officer of a corporation the notes or securities of such corporation in payment of, or as security for, a personal debt of such officer, does so at his peril, and in such case the rule is not relaxed by reason of the degree of confidence reposed

in the officer by the purchaser."

With the record in this condition, defandant Walker offered to prove that the meeting at which organization of the Cherokee Cigar Company was perfected was held in the banking room of the plaintiff, and that Frank Raub, president of plaintiff bank (and who purchased this note for the bank), was present; that at such meeting the false representations alleged in defendant Walker's answer were made by Bradley, Hartman, and McKinley, the tender of proof going into detail as to these false representations. He also offered to prove that in a conversation with Frank Raub, after the assignment of the note to the bank, said Frank Raub told him that the bank didn't expect to collect this note from him. Both tenders of proof were rejected by the court and exceptions saved.

The plaintiff bank not having brought itself within the provisions of Comp. Stats. 1921, sec. 7722 (Rev. Laws 1910, sec. 4102), defining a holder in due course, the defendant Walker was entitled to make the proof to support his allegations of fraud in the procurement of the note, and his proof of actual knowledge thereof on the part of Raub, the president of the plaintiff bank. Lambert v. Smith, 53 Okla. 606, 157 Pac. 909; Dunkin v. Waurika Nat. Bank, 62 Okla. 175, 162 Pac. 788; Besse v. Morgan, 84 Okla. 203, 202 Pac. 1012.

It follows from what has been said that the trial court erred in sustaining plaintiff's objection to the proof offered by defendant and in directing a verdict for the plaintiff. The judgment of the trial court is therefore reversed, and the cause remanded, with instructions to grant a new trial herein.

By the Court: It is so ordered.