**GUILER et al. v. PURDY et al.**

No. 17410. Opinion Filed Jan. 31, 1928.

(Syllabus.)

1. **Bills and Notes—Agreement to Convey Good Title to Mineral Rights as Consideration—Breach by Grantor—Defense of Failure of Consideration Available Except Against Holder in Due Course of Note.**

Where the consideration for the execution of a promissory note is an executory agreement to convey good and merchantable title to certain oil and gas mining rights, and the payee fails to make such conveyance, in an action on said note the defense of failure of consideration is available to the maker against everyone except a holder in due course.

2. **Same—Failure to Convey Substantial Part of Blocked Acreage as Failure of Consideration for Note.**

Where one enters into an agreement to convey valid title to oil and gas mining rights on a definitely described block of land for a definite price for the entire area in consideration of the execution of a promissory note for the purchase price, the failure to convey a substantial part of the whole block constitutes a failure of consideration for the note.

3. **Same—Indorsee of Note with Knowledge of Breach of Agreement to Convey not Holder in Due Course.**

Knowledge that a note was given in consideration of an executory agreement of the payee, which has not been performed, with knowledge of the breach of such agreement, will deprive the indorsee of the character of a holder in due course, and the defense of failure of consideration is available against him.

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Edwin R. McNeill, Judge.

Action by J. J. Purdy against W. C. Guiler and C. H. Daniels, as makers, and T. E. Waggoner and C. R. Nixon, as indorsers, on a promissory note. Judgment for plaintiff against all defendants, and defendants Guiler and Daniels appeal. Reversed with directions.

West & Petry, for plaintiffs in error.

Dyer & Keim and Breckenridge & Bostrick, for defendant in error J. J. Purdy.

JEFFREY, C. This was an action by J. J. Purdy, as plaintiff, against- W. C. Guiler and C. H. Daniels, as makers. and T. E. Waggoner and C. R. Nixon, as indorsers, on a promissory note dated April 16, 1923, for the sum of $6,400, and due June 1, 1923. The cause was tried to the court without a jury, and judgment was rendered in favor of plaintiff and against all defendants, but only the defendants W. C. Guiler and C. H. Daniels have appealed. The defense of Guiler and Daniels, herein called defendants, was that of a failure of consideration. The evidence discloses that during March and April plaintiff was engaged in blocking 1,280 acres of oil and gas leases in Garfield county, Okla., and engaged T. E. Waggoner and C. R. Nixon, as brokers, to sell this block of leases on a commission of ten per cent. of the sale price. The brokers sold the leases to the defendants, and took defendants' note for the purchase price due June 1, 1923, made payable to the brokers, who in turn indorsed it to plaintiff. Plaintiff offered evidence to the effect that the sale of the leases was made to defendants by the brokers on March 30, 1923, as shown by letter of acceptance of that date, which is as follows:

"Nixon & Nixon, Lawyers
"Tulsa, Oklahoma,
"March 30, 1923.

"C. R. Nixon
"Tulsa, Oklahoma.

"Dear Sir:

"You are advised that we hereby accept your offer to purchase oil and gas mining leases on the W. $\frac{1}{2}$ of section 36, section 35 and the E. $\frac{1}{2}$ of section 34-24-4, at $5 an acre to be paid within 20 days from this date; and we further agree to have a rig on the ground, and to be spudded in at that time.

"You are to submit copies of the leases and the abstracts covering the same, showing good and merchantable title to said property, and the assignments and leases to be turned over to us the time the money is paid.

"Yours very truly,
"W. C. Guiler
"C. H. Daniels."

Plaintiff further says that defendants were unable to pay for the leases within the time mentioned in said letter; and that on April 16th, in response to a demand for payment by the brokers, defendants gave the note sued upon.

Defendants' evidence was to the effect that neither the brokers nor plaintiff were able to deliver title to the oil and gas leases as provided for in the letter of acceptance dated March 30, 1923; and that that arrangement was completely abandoned; that on April 16th, the brokers again proposed to sell the same block of leases for the same price, and entered into a written contract for delivery of valid assignments conveying good and merchantable title to said block of leases on or before June 1, 1923, and defendants, in consideration of the making of said contract, executed the note in question. Defendants say that the note and contract were both executed at the same time and place, each being a part of the same transaction. The brokers contend that the note was made on the 16th day of April, representing an extension of time for payment of the purchase price; and that the contract was executed on the day following, merely to show defendants that they were to receive the leases which they had contracted to buy.

The first question presented for consideration is, Did the defendants plead, and do the facts in the case establish. a failure of consideration for the note in question? We think that it makes but little difference whether the parties' agreement is represented by the letter of acceptance of date March 30, 1923, as claimed by plaintiff, or whether it is represented by the contract of date April 17th, as claimed by defendants, or whether there was any written agreement of any kind other than the note. It is agreed by all parties that the note in question was given in consideration of a promise to convey valid assignments of oil and gas leases covering a particular block consisting of 1,280 acres in Garfield county. This was the consideration for the note, whether oral or in writing. When the note was presented for payment, an assignment of a portion of the leases covering this block was presented by plaintiff, and defendants refused payment because much of the acreage was not included, and some of that included was not subject to conveyance. Plaintiff admits that he had no title to 160 acres, known as the Venel tract. and that the same was not included in the assignment. One of plaintiff's attorneys testified that certain probate proceedings necessary to pass title in another 160 acres, known as the Vokun tract. had not been completed; and the facts are undisputed that another 80 acres. being a part of the Treckel tract, was never leased to any one.

This court has many times held that a vendee, having a contract for a conveyance, may

resist the payment of the purchase money when the title of the vendor fails. Joiner v. Ardmore Loan & Trust Co., 33 Okla. 266, 124 Pac. 1073; Pugh v. Stigler, 21 Okla. 854, 97 Pac. 566; Herron v. Harbour, 57 Okla. 71, 155 Pac. 506. It was also held in Dubois v. Andrews, 57 Okla. 227, 152 Pac. 440, that where a contract is made to convey upon payment of purchase price, the covenant to pay and to convey are mutual, dependent covenants, and no action for the price can be maintained unless the seller tenders a conveyance.

All the dealings between the parties had to do with a block of leases, definitely described, for a particular price, consisting of 1,280 acres, and the defendants were under no legal obligation to accept a materially less quantity of acreage than that agreed to be sold them. In the case of Hurford v. Norvall, 39 Okla. 496, 135 Pac. 1060, a similar question was before the court. It was there held that, when a person enters into a written contract to buy certain definitely described land for a definite price for the entire area, he is under no legal obligation to accept a materially less quantity of land than that agreed to be sold him. This rule is particularly applicable to oil and gas leases, since there is no uniformity of value throughout a particular tract. A failure, therefore, to deliver title to a substantial part of the tract, in contemplation of law, is as much a failure of consideration for which the note was given as a failure to deliver title to the entire tract. Certainly, the payees in the note were not in position to enforce payment on the note, when they admittedly were not in position to deliver any title to at least 240 acres of the block. See, also, Brown v. Viscaya (Tex. Civ. App.) 42 S. W. 309; Richardson & Morgan Co. v. Gudewill, 61 N. Y. S. 1120.

The next question for determination is, Does plaintiff occupy the position of a holder in due course so as to defeat the plea of failure of consideration? The brokers were plaintiff's agents. While plaintiff presents himself as a transferee of the note, his own evidence shows him to be, in fact, the payee. But aside from this, plaintiff knew that the note was given for valid title to oil and gas mining rights on the particular block of land. He knew that at the time he filed suit on the note, neither he nor the brokers had ever tendered valid title to at least 240 acres of the block; and that he had never been in position to transfer title to this portion of the oil and gas mining rights. What other information did plaintiff need to put him on

notice of the defect or the failure of consideration? For this reason alone he is not a holder in due course, and the defense of failure of consideration is also good as against him Barry v. Kniseley, 56 Okla. 324, 155 Pac. 1168; Prentic, Arm'r, v. First Nat. Bank, 101 Okla. 232, 224 Pac. 963; Cunningham v. Toye (Ark.) 134 S. W. 962.

It follows that plaintiff was not entitled to recover on the note, and that judgment should have been in favor of the defendants.

Other assignments of error are presented, but a consideration of the foregoing questions completely disposes of this appeal, and we think it unnecessary to consider any other.

The cause is therefore reversed and remanded, with instructions to the trial court to enter judgment in favor of the defendants W. C. Guiler and C. H. Daniels.

BENNETT, HERR, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered .

Note.—See under (1) 8 C. J. p. 747, §1019. (2) 8 C. J. p. 756, §1023. (3) 8 C. J. p. 510, §718.