**VICTORY NATIONAL BANK OF NOWATA, Appellee,**

v.

**OKLAHOMA STATE BANK, VINITA, Oklahoma, Appellant.**

No. 45106.

Supreme Court of Oklahoma.

Dec. 26, 1973.

Rehearing Denied April 9, 1974.

Carl Pinkerton, James C. Pinkerton, Tulsa, for appellee.

Jack Rorschach, Vinita, Edgar Fenton, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellant.

BERRY, Justice:

Victory National Bank of Nowata [plaintiff] brought this action against Oklahoma State Bank of Vinita [defendant] to obtain a declaratory judgment that a certain certificate of deposit issued by defendant is a valid obligation of defendant in favor of plaintiff and plaintiff is entitled to recover at maturity from defendant the principal and interest payable under the certificate of deposit to the extent of obligations owed by Michael Anthony Conine to plaintiff under a promissory note. The trial court found for plaintiff and defendant appeals.

The trial court found Conine was a vice-president of defendant bank authorized to sign the bank's serially numbered certificate of deposit forms, and that he acquired a blank certificate of deposit

from the teller charged with custody of the forms; inserted his name as payee and filled in the form to indicate a deposit of $20,000, bearing 5¾th % interest and maturing in two years; signed the instrument on behalf of defendant bank with the name of C. J. Gatlin, another employee of the bank authorized to sign certificates of deposit; returned duplicate copies to the bank indicating a $500 certificate of deposit issued to his wife; acquired a $20,000 loan from plaintiff at 8½% interest, $17,000 in the form of a money order and $3,000 in a certificate of deposit issued by plaintiff which plaintiff retained; and, as a part of the loan transaction, executed a promissory note to plaintiff and endorsed in blank the $20,000 certificate of deposit and delivered it to plaintiff as security for the loan.

The trial court further found: (1) Conine was subsequently adjudicated a bankrupt and plaintiff had perfected its claim in bankruptcy; (2) the certificate of deposit is an investment security within 12A O.S.1971 § 8–102, and is therefore a negotiable instrument under 12A O.S.1971 § 8–105; (3) the signature of C. J. Gatlin was an unauthorized signature placed thereon by Conine, an employee of defendant entrusted with responsible handling of the security; (4) plaintiff made no investigation to determine the genuineness of the certificate of deposit and had no duty to make such an investigation; (5) plaintiff was a bona fide purchaser for value without notice the unauthorized signature of C. J. Gatlin was placed upon the certificate by Conine and therefore the signature was effective in favor of plaintiff pursuant to 12A O.S.1971 § 8–205; (6) therefore plaintiff is entitled to enforce the certificate to the extent of Conine's obligation to plaintiff secured by the pledge of the certificate of deposit; (7) even if the instrument is not a negotiable security, public policy protects purchasers of certificates of deposit from fraudulent or unauthorized issue by trusted employees of the issuer, and therefore plaintiff is entitled to recover as a matter of public policy; (8) upon pre-

sentation of the certificate of deposit by plaintiff to defendant according to the terms of the instrument, defendant should pay plaintiff the sum of $17,000, together with interest at the rate of 8½% per annum from February 20, 1970, until February 18, 1972, and the costs of this action.

■ In its third and fourth propositions defendant contends the certificate of deposit is not an investment security within Article VIII of the Uniform Commercial Code [12A O.S.1971 § 8–101 et seq.], but is governed by Article III [12A O.S.1971 § 3–101 et seq.] which deals with commercial paper; the certificate of deposit is not a negotiable instrument under Article III because it is not payable to order or bearer [§ 3–104]; therefore plaintiff is not a holder in due course [ § 3–805]; and therefore plaintiff took the certificate subject to the defenses of failure of consideration [§ 3–306].

In support of this contention defendant first argues Article III should control because it specifically refers to certificates of deposit while Article VIII does not specifically refer to certificates of deposit. We conclude this argument is without merit because the Code provides a writing which is a security is governed by Article VIII even though it also meets the requirements of Article III. See 12A O.S.1971 §§ 8–102(1)(b) and 3–103(1).

Defendant further cites provisions of the Banking Code of Oklahoma [6 O.S.1971 § 101 et seq.], including 6 O.S.1971 § 806, subd. A(3), which defines "investment securities", and argues the provisions of the banking code indicate the certificate of deposit is not an investment security. The "Oklahoma Code Comment" to 12A O.S. 1971 § 8–102, states in part:

"The word 'security' is defined in several places in the Oklahoma statutes, but in an obviously different context: * * * 6 Okl.St.Ann. 108 (Banking Code) * * *."

Therefore, we conclude this argument is without merit.

The certificate of deposit contains the following provisions:

"DEPOSITOR(S) TONY CONINE * * * DEPOSIT * * * $20,000 * * * PAYABLE TO SAID DEPOSITOR * * * UPON PRESENTATION AND SURRENDER OF THIS CERTIFICATE ON A MATURITY DATE.

"This certificate matures 24 months after date but will automatically be renewed for successive periods * * * until it is presented for payment on a maturity date or within 10 days thereafter or this bank receives prior written notice of intention to request payment on a maturity date, or until this bank gives notice * * * of election to call this certificate for payment on a maturity date.

"Interest hereon to maturity * * * will be paid _____ annually * * *.

"For all purposes * * * this bank may deem and treat as the absolute owner hereof any depositor named above * * *.

"This certificate is transferable only on the books of this bank, in which event a new certificate of like tenor and amount will be issued to the transferee hereof."

12A O.S.1971 § 8–102(1)(a), provides:

"(1) In this Article unless the context otherwise requires

(a) A 'security' is an instrument which

(i) is issued in bearer or registered form; and

(ii) is of a type commonly dealt in upon securities exchanges or markets or commonly recognized in any area in which it is issued or dealt in as a medium for investment; and

(iii) is either one of a class or series or by its terms is divisible into a class or series of instruments; and

(iv) evidences a share, participation or other interest in property or in an enterprise or evidences an obligation of the issuer."

Section 8–102(1)(c), provides a security is in registered form when it specifies a person entitled to the security or the rights it evidences and when its transfer may be registered upon books maintained for that purpose by or on behalf of an issuer or the security so states. The certificate of deposit provides it is payable to Tony Conine and provides it is transferable only upon the books of the bank. Therefore, we conclude the certificate of deposit was issued in registered form.

The record indicates plaintiff has outstanding $2,000,000 in certificates of deposit and that defendant has outstanding more than $5,000,000 in certificates of deposit. Furthermore, the legislature of the State of Oklahoma has approved bank certificates of deposit for investment of funds of a ward by a guardian. 58 O.S.1971 § 882. Therefore, we conclude a bank certificate of deposit is commonly recognized as an instrument of investment in the State of Oklahoma.

Furthermore, the certificate of deposit was issued upon a serially numbered form and we conclude it was one of a series. The certificate of deposit evidences an obligation of the issuer in that it acknowledges an obligation to pay the depositor a sum of money upon presentment at maturity. We therefore conclude the certificate of deposit is a security within the meaning of § 8–102(1)(a), supra, and is governed by Article VIII.

■ The question then arises as to the effect of Conine's forgery of C. J. Gatlin's signature upon the certificate of deposit.

12A O.S.1971 § 8–105, provides securities governed by Article VIII are negotiable instruments.

12A O.S.1971 § 8–202(3), provides:

"Except as otherwise provided in the case of certain unauthorized signatures on issue (Section 8–205) lack of genuineness of a security is a complete defense even against a purchaser for value and without notice."

12A O.S.1971 § 8–205, provides:

"An unauthorized signature placed on a security prior to or in the course of issue is ineffective except that the signature is effective in favor of a purchaser for value and without notice of the lack of authority if the signing has been done by:

\*    \*    \*    \*    \*    \*

"(b) the employee of the issuer \* \* \* entrusted with responsible handling of the security."

In this case it was conceded that Conine signed C. J. Gatlin's name on the certificate of deposit and that he was not authorized to do so. Therefore, the signature is an unauthorized signature, 12A O.S.1971 § 1–201(43), and this is a complete defense in favor of defendant unless the signature is effective in favor of plaintiff pursuant to § 8–205, supra. Plaintiff had the burden of establishing that this defense was ineffective against it. 12A O.S.1971 § 8–105.

The undisputed evidence was that Conine was a vice-president of defendant bank authorized to sign certificates of deposit. Conine signed C. J. Gatlin's name to the certificate in the course of its issue. Therefore, we conclude Conine was an employee of the issuer entrusted with responsible handling of the security, and that he placed the unauthorized signature on the security in the course of its issue.

Plaintiff took the certificate of deposit as a pledge to secure its loan to Conine. 12A O.S.1971 § 1–201(33), provides a purchaser is a person who takes by purchase and § 1–201(32), defines purchase to include taking by mortgage or pledge. 12A O.S.1971 § 1–201(44), provides that a person gives value for rights if he acquires them in return for any consideration sufficient to support a simple contract. Therefore, we conclude plaintiff bank was a purchaser for value of the certificate of deposit.

Insofar as concerns notice, 12A O.S.1971 § 1–201(25), provides:

"A person has 'notice' of a fact when

"(a) he has actual knowledge of it; or (b) he has received a notice or notification of it; or (c) from all the facts and circumstances known to him at the time he has reason to know that it exists."

In the present case plaintiff had no reason to know or believe that Gatlin's signature had been forged by Conine, but plaintiff's agent in the loan transaction knew Conine was employed by defendant bank.

Defendant contends this fact was sufficient to put plaintiff upon notice of what a communication with defendant bank would have revealed, citing Jenkins v. Planters' & Mechanics' Bank, 34 Okl. 607, 126 p. 757; Walker v. Bartlesville State Bank, 91 Okl. 231, 216 P. 928; and 12A O.S.1971 § 8–304.

In Jenkins v. Planters' & Mechanics' Bank, supra, a note payable to a corporation was endorsed for the corporation by the president and secretary and transferred to plaintiff bank as collateral for the president's individual debt.

In Walker v. Bartlesville State Bank, supra, a note payable to the corporation was transferred to a bank. The corporation's endorsement did not show it to have been made by an authorized officer of the corporation, but two parties, Bradley and Hartman, signed personal endorsements and the proceeds of the note were credited to their personal accounts. The bank knew both were directors of the corporation and that Bradley was the corporation's president and a vice-president and director of the bank.

In both cases we held the bank was not a purchaser in due course as against the maker of the note on the ground that a party to a transaction in which a corporate officer uses corporate credit, funds or property to satisfy a personal obligation is by that fact alone put on inquiry as to the officer's authority to make the transaction.

The present case is distinguishable because here it appeared that a disinterested officer, Gatlin, acted on behalf of defendant bank.

1 Merrill on Notice § 390, states with reference to bank officer and employees:

" * * * Whether the sending a draft of the bank, executed by the officer himself, for his own debt puts the creditor on inquiry is a question upon which the authorities are divided. * * * Where the instrument is drawn by an officer other than the one presenting it, there is no cause for inquiry."

Section 8–304(2) deals with adverse claims, rather than issuer's defenses, and is therefore not applicable in the present situation. However, the section only provides that a purchaser from one known to be a fiduciary is charged with notice of adverse claims if he has knowledge the proceeds are being used or the transaction is for the individual benefit of the fiduciary or otherwise in breach of duty. Here Conine did not hold the certificate of deposit in a fiduciary capacity.

Therefore, we conclude plaintiff was a purchaser for value without notice of Conine's lack of authority to execute Gatlin's signature and therefore Gatlin's signature was effective in favor of plaintiff. § 8–205, supra.

Defendant further contends that in all transactions which are the subject of this suit Conine was acting in a purely personal capacity and not as an agent for the benefit of the defendant bank so that in such a private transaction the creditor bank acts at its own peril.

This contention is answered by § 8–205, which provides that in circumstances set out therein an unauthorized signature signed by an employee of the issuer entrusted with responsible handling of the security will be effective in favor of a purchaser for value and without notice of the lack of authority.

All other defenses of the issuer are ineffective against a purchaser for value who has taken without notice of the particular defense. § 8–202(4).

Affirmed.

All Justices concur.